**KLAMATH AND MODOC TRIBES and Yahooskin Band of Snake Indians**

v.

**The UNITED STATES.**

**Nos. 100–B–2–(A–E) and 389–72.**

United States Claims Court.

Dec. 20, 1982.

Charles A. Hobbs, Washington, D.C., for plaintiffs; Philip A. Nacke, Steven C. Lambert, Washington, D.C., of counsel.

Richard L. Beal, Washington, D.C., with whom was Asst. Atty. Gen. Carol Dinkins, Washington, D.C., for defendant; Robert E. Fraley, Washington, D.C., of counsel.

ORDERS ON

JOINT MOTION TO PROVIDE RELIEF FROM JUDGMENT No. 100–B–2–E

JOINT MOTION FOR CONSOLIDATION Nos. 100–B–2 (A–E) and 389–72

JOINT MOTION FOR ENTRY OF FINAL JUDGMENT Nos. 100–B–2 (A–E) and 389–72

SPECTOR, Judge.

Docket Nos. 100–B–2–A through E were originally filed and litigated jointly before the Indian Claims Commission as Docket No. 100–B–2. They were transferred to the United States Court of Claims (predecessor of this court) by direction of Congress when the Indian Claims Commission was dissolved. Following transfer, Indian Claims Commission Docket No. 100–B–2 was divided into five separate dockets (A through E) to facilitate expeditious trial and decision in each case. Docket No. 389–72 (severed from a prior case, Court of Claims Docket No. 125–61), originally raised before that court (but under different jurisdictional bases) substantially the same issues set forth in Docket No. 100–B–2–A.

Docket No. 100–B–2–E was tried in the Court of Claims and on July 6, 1981 a recommended decision was issued therein. On October 1, 1982, the Federal Courts Improvement Act of 1982, Public Law 97–164, 96 Stat. 25, went into effect. Pursuant to an October 4, 1982 order of the United States Court of Appeals for the Federal Circuit, the July 6, 1981 opinion in Docket No. 100–B–2–E was converted into a final judgment on October 8, 1982, and was thereafter pending on appeal before the Federal Circuit.

On joint motion of the parties, the Federal Circuit Court of Appeals has this date remanded Docket No. 100–B–2–E to this court to permit its consolidation with the other cases above cited in an overall settlement which has now been reached. In processing the agreed settlement, it is therefore necessary to first vacate the pending final judgment in Docket No. 100–B–2–E.

The foregoing considered, it is therefore

HEREBY ORDERED AS FOLLOWS:

1. The Joint Motion to Provide Relief from Judgment in Docket No. 100–B–2–E, is ALLOWED.

2. The Joint Motion to Consolidate Docket Nos. 100–B–2, A through E, and No. 389–72, is ALLOWED.

The above-entitled cases are now before the court on a stipulation of the parties filed December 20, 1982, signed by the respective attorneys of record and by the Assistant Attorney General, Land and Natural Resources Division, on behalf of defendant, and approved and joined in by the Klamath Tribe of Indians represented by the Chairman and Secretary of the Tribal Executive Committee. Pursuant to said stipulation, all claims now pending in this court, Docket Nos. 100–B–2 (A–E) and 389–72 shall be settled by entry of final judgment in the amount of $16,500,000. The settlement shall not affect in any way any claims now pending or which may be brought before the United States Claims Court or other competent judicial body on behalf of the plaintiff Tribe accruing from any transaction or event after August 12,

1961, it being understood that such reservation shall not be construed to waive the right of the United States to raise in the United States Claims Court or other court of competent jurisdiction any procedural or substantive defenses to any such claim or claims, including the statute of limitations. The final judgment shall be in favor of the Klamath Tribe, plaintiff, and against the defendant, no review to be sought or appeal to be taken by either party. Entry of final judgment in the amount of $16,500,000 shall finally dispose of all rights, claims, or demands which plaintiff has asserted or could have asserted against defendant in Docket Nos. 100–B–2 (A–E) and 389–72, and of all claims, counterclaims and offsets which defendant has asserted or could have asserted against plaintiff through August 12, 1961, the date of termination of federal supervision over plaintiff.

IT IS THEREFORE FURTHER ORDERED, that plaintiff is entitled to judgment in the amount of Sixteen Million Five Hundred Thousand Dollars ($16,500,000), and judgment is to be entered for plaintiff against the United States in that amount, all in accordance with the stipulation of the parties.